**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JORGE DURON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-25-CV-00149-DCG** |
| **KINGS CAPITAL HOLDING LLC,** | § | |
| *d/b/a* **KINGS CAPITAL NYC,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ACCEPTING REPORT & RECOMMENDATION IN FULL AND GRANTING MOTION FOR DEFAULT JUDGMENT IN PART

*Pro se* Plaintiff Jorge Duron moves for a default judgment against Defendant Kings Capital Holding LLC, *d/b/a* Kings Capital NYC.[1]  The Court referred Plaintiff's Motion to U.S. Magistrate Judge Laura Enriquez for a Report and Recommendation ("R. & R.").[2]  Judge Enriquez issued an R. & R. recommending that the Court grant the Motion and award Plaintiff $13,494.00.[3]  The Court now **ACCEPTS** Judge Enriquez's R. & R. **IN FULL** and **GRANTS** Plaintiff's Motion **IN PART**.

---

[1] *See generally* Mot. Default J., ECF No. 15.

[2] Referral Order, ECF No. 16.

[3] *See* R. & R., ECF No. 26, at 17.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

## I.   BACKGROUND

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code by transmitting unsolicited and unwanted communications to his personal phone.[4]  After Defendant failed to appear to defend itself from Plaintiff's claims, the Clerk of Court entered a default against Defendant.[5]

Plaintiff then filed the instant Motion for Default Judgment.[6]  Although the Motion states that Plaintiff seeks $72,555.00 in damages,[7] Plaintiff subsequently clarified that the $72,555.00 figure resulted from a calculation error, and that he only seeks an award of $13,494.00.[8]  Judge Enriquez recommends granting the Motion and awarding Plaintiff $13,494.00 as he requests.[9]

## II.   DISCUSSION

The standard of review that a District Judge applies when reviewing an R. & R. depends on whether any party objected to it by the applicable deadline.  If a party timely objects to a report and recommendation, "the Court must make a *de novo* determination of those portions of

---

[4] *See generally* Compl., ECF No. 1.

[5] *See* Entry Default, ECF No. 13.

*See also* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[6] *See generally* Mot. Default J.; *see also* FED. R. CIV. P. 55(b).

[7] *See* Mot. Default J. at 2, 7, 10–11.

[8] *See* Pl.'s Aff., ECF No. 25, at 2.

[9] *See* R. & R. at 17.

Because the Court is reviewing the R. & R. under a deferential standard of review, *see infra* Section II, the Court will not recount the reasoning underlying Judge Enriquez's conclusions.  The Court will instead presume the reader's familiarity with the R. & R.

the report or proposed findings or recommendations to which objection is made."[10]  If, however, "no party objects to [a] Magistrate Judge's Report and Recommendation" by the applicable deadline, then "the Court is not required to perform a *de novo* review of the Magistrate Judge's determination"; the Court "need only review it to decide whether the [R. & R.] is clearly erroneous or contrary to law."[11]

Ordinarily, a party has 14 days from service of an R. & R. to object.[12]  However, where—as here—the Clerk of Court has served both parties with an R. & R. by mail,[13] the parties get an additional three days to object.[14]  Here, the Clerk's office mailed the R. & R. to both parties on January 14, 2026,[15] so the 17-day objection deadline expired on February 2, 2026.[16]  Neither

---

[10] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

[11] *E.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018).

[12] *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); *see also* W.D. TEX. L.R. APP'X C, Rule 4(b).

[13] *See* Certified Mail Receipts, ECF No. 27.

[14] *See* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire . . . ."); *see also, e.g.*, *Margetis v. Furgeson*, 666 F. App'x 328, 330 n.3 (5th Cir. 2016).

The 17-day objection period runs from the date that the Court *deposits* the R. & R. in the mail, rather than from the date the party *receives* it.  *See* FED. R. CIV. P. 5(b)(2)(C) (stating that service by mail "is complete upon mailing"); *see also, e.g.*, *Moody v. Wetzel*, No. 20-3258, 2021 WL 3022597, at *1 n.1 (E.D. Pa. July 16, 2021).

[15] *See* Certified Mail Receipts (containing USPS tracking numbers for both mailings).

[16] *See* FED. R. CIV. P. 6(a)(1)(C) (providing that if a deadline would otherwise fall on "a Saturday, Sunday, or legal holiday" (here, Saturday, January 31, 2026), the deadline automatically extends to "the end of the next day that is not a Saturday, Sunday, or legal holiday").

- 3 -

party filed an objection by that date, so the Court will review the R. & R. under the deferential clear error/contrary to law standard.[17]

Having carefully reviewed the R. & R., the Court concludes that it's neither clearly erroneous nor contrary to law.

### III.    CONCLUSION

The Court therefore **ACCEPTS** the "Report and Recommendation of United States Magistrate Judge" (ECF No. 26) **IN FULL**.

The Court thereby **GRANTS** "Plaintiff's Motion for Default Judgment" (ECF No. 15) **IN PART**.[18]

The Court will separately issue a final default judgment that awards Plaintiff $13,494.00 as Judge Enriquez recommends.

The Clerk of Court **SHALL MAIL** this Order to:

Jorge Duron
9328 Lait Drive
El Paso, TX 79925

Kings Capital Holding LLC
*c/o* Harvard Business Services, Inc.
16192 Coastal Hwy
Lewes, DE 19958

---

[17] *See supra* note 11 and accompanying text.

[18] The Court **DENIES** the Motion **IN PART** insofar as it seeks an award of $72,555.00.  *See supra* note 7 and accompanying text.  As noted, the $72,555.00 figure resulted from a calculation error; Plaintiff subsequently clarified that he instead seeks an award of $13,494.00.  *See supra* note 8 and accompanying text.  The Court **GRANTS** the Motion **IN PART** insofar as it seeks that smaller award.

- 5 -

**So ORDERED and SIGNED this 5th day of February 2026.**

<br>

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**